UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

JASON L. MAYBANK,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK, ET AL.,

                        Defendants.

------------------------------------------------------- x

1:12-cv-5482-MKB-SMG

ANSWER

JURY TRIAL DEMANDED

       Defendants The City of New York, Sergeant Christopher Tomlinson, Sergeant David Yu, Police Officer Edward Kunz, and Police Officer Michael Sheehan, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated June 25, 2013 (the "complaint") respectfully:

       1.     Deny the allegations set forth in paragraph "1" of the petition except admit that plaintiff has commenced an action as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York.

       6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit

that Tomlinson is employed by the City as a police sergeant.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Yu is employed by the City as a police sergeant at the 110th precinct.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Kunz is employed by the City as a police officer at the 110th precinct.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Sheehan is employed by the City as a police officer.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that on September 5, 2011 at approximately 2:00 a.m., in the vicinity of 41-08 97th Place in Queens, New York, police officers detained plaintiff.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that on September 5, 2011 at approximately 2:00 a.m., in the vicinity of 41-08 97th Place in Queens, New York, police officers handcuffed and searched plaintiff. .

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested for criminal possession of a firearm, robbery in the first degree and other related charges.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was transported to Elmhurst Hospital.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except refer to the report for a recitation of its contents.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

39. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

40. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

41. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE**

42. Plaintiff provoked or was at fault for the incident.

**FIFTH AFFIRMATIVE DEFENSE**

43. To the extent plaintiff seeks punitive damages, they cannot be awarded against the City of New York and the individual defendants in their official capacities.

**SIXTH AFFIRMATIVE DEFENSE**

44. There was probable cause to arrest and prosecute plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

45. If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

**EIGHTH AFFIRMATIVE DEFENSE**

46. Defendants Sergeant Tomlinson, and Sergeant Yu, Police Officer Edward Kunz, and Police Officer Michael Sheehan acted reasonably in the proper and lawful exercise

of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

### **NINTH AFFIRMATIVE DEFENSE**

47. Plaintiff failed to mitigate any alleged damages.

### **NINTH AFFIRMATIVE DEFENSE**

48. If any force was used, such force was reasonable.

WHEREFORE, defendants The City of New York, Sergeant Tomlinson, and Sergeant Yu, Police Officer Edward Kunz, and Police Officer Michael Sheehan demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, New York
December 26, 2013

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
THE CITY OF NEW YORK, SERGEANT TOMLINSON, SERGEANT YU, POLICE OFFICER EDWARD KUNZ, AND POLICE OFFICER MICHAEL SHEEHAN
100 Church Street, Room 3-183
New York, New York 10007
(212) 253-2354
lsohn@law.nyc.gov

By: *Liza Sohn*
Liza Sohn